Boynton, J.
The action of the commissioners on Octobe: 10, 1874, in rescinding the order of the 7th, dismissing the petition for the improvement for want of power to order the same, will be presumed, there being no averment to the contrary, to have been taken at the same session at which the order of dismissal was made. This action, therefore, was fully authorized. Until the session was closed, the power of the commissioners over all orders *454 made upon the subject-matter of the road improvement was fully and completely within their control, and the-power to set aside their previous order was as fully possessed, as was the power in the first instance to make it. ¥e must therefore examine the questions arising in the ease, as if no action had been taken on the subject-matter of the improvement by the commissioners prior to the date at which its construction was ordered. If the petition of the plaintiff stated a cause of action, it is clear that the-district court erred in dismissing it. Rush v. Rush, 29 Ohio St. 440. No answer having been filed taking issue with any of its allegations, or setting up any new or affirmative-matter, the plaintiff, upon final hearing, would have been entitled to judgment. The vacation of the injunction, upon-motion and proof, did not authorize or warrant the dismissal of the petition. The case should have been retained for trial, and if no issue was joined by answer, such relief' should have been awarded to the plaintiff as his petition-showed him entitled to, without regard to the disposition made of the motion to vacate the injunction. That a cause of action was stated in the petition, we entertain no doubt.. In the first place, it appears from the facts stated in the petition, that, the commissioners acquired no jurisdiction to-make a final order for the improvement. A petition by a majority of the resident land-owners of the county, whose lands were i-eported as benefited, and for assessment, was a condition prerequisite to the acquisition of jurisdiction by the commissioners to make such order. Hays v. Jones, 27 Ohio St. 218. Non-resident petitioners could not be regarded. They had no more voice in the matter than if they owned no lands-in the vicinity of the improvement. Andrew Sipe, therefore, ought not to have been counted as a petitioner, although, he was the owner of lands within the assessing district,, that were reported as benefited by the improvement. The-name of Abraham Frantz, we think, was properly counted..
He was one whose lands were reported by the viewers- and surveyor as benefited by the improvement, and he had signed the petition. This was all that was required by *455 the words of the statute to authorize the commissioners to-count his name. If those succeeding to the title to his-lands were opposed to the improvement, they should have-withdrawn his name from the petition, before the commissioners took final action thereon.
Nor does it seem to us that the mere fact that Frantz,. Cookston, and Ileddings signed the petition for the improvement in consideration of the promise of others to pay whatever assessments might be made upon their lands respectively, made it the duty of the commissioners to reject their names. It does not appear that they were opposed to-the improvement, nor that they did not believe it demanded by the public convenience and welfare. "What would be the effect of buying off a conscientious opposition to the improvement we do not determine, but where the improvement is of general public utility or necessity, we are unwilling to say that the mere circumstance that a land-owner of the vicinity signed a petition upon the promise of another to relieve him from the burden of the assessment, required the commissioners to adjudge that a fraud upon the law was intended, and thereupon to reject the petitioner’s name, in determining whether or not a majority of resident land-owners whose lands were reported as benefited, were in favor of the improvement. We are also of the opinion, that in counting the two Moores as one petitioner no prejudice resulted to the plaintiff. While they were shown to be tenants in common with two others, it did not appear that they held their title as heirs of an undivided estate. Hence, they were not shown to belong to the class of tenants in common, who, by the statute, are collectively restricted to one vote. S. & S. 676. Being resident land-owners of the county, and presumably holding their title, not as heirs, they should have been counted as if their ownership were in severalty.
But the counting of the names of Hetrick, Wilson, IIostettler, and Gray, whose names appeared only on the petition of 1871, was wholly unauthorized. That petition had not only been abandoned, but it sought a different object from the one upon which the action of the commissioner *456 was sought. The result is, excluding Sipe, Detrick, Wilson, ITostettler, and Gray, from the count, and including Erantz, Cookston, and Heddings, and counting each of the Moores as a petitioner, instead of counting the two as one, there would be two less than a majority of the resident land-owners, whose lands were reported as benefited, asking for the improvement.
This would leave the commissioners without power to order its construction. Hays v. Jones, supra. Again, the petition avers that the report of the viewers and engineer did not show by a statement of facts, or otherwise, the public necessity of the proposed improvement. Section 4 of the act above referred to (71 Ohio L. 94) required the viewers and engineer to make a report showing the public necessity of such improvement, the damages claimed and by whom, the amount assessed to each claimant, an estimate of the expenses of the improvement, and the lots and lands that would be benefited thereby, and that ought -to be assessed for the expenses of the same.
This report lays the foundation for the further action of the commissioners. Upon its return they are required, if in their opinion public utility requires it, to enter upon their record an order that the improvement be made. Without such report no such order can be made. And wherethe same is silent on the subject of the public convenience or necessity of the proposed improvement, such order is unauthorized.
It was finally alleged that by the procuration and solicitation of the principal petitioners for the improvement, and in order to create an apparent majority of resident land-owners in favor of the same, the viewers and engineer were fraudulently induced to omit from their report lands lying near the improvement, and within the assessing district, and as much benefited thereby as any reported for assessment. This averment, being undenied, entitled the plaintiff to an order setting aside the proceedings of the commissioners, which were founded upon such fraudulent report. It was the duty of the viewers and surveyor to return a description of all lots and lands lying within two miles of the proposed improvement *457 that would, in their judgment, be specially benefited thereby, whether within a ipunicipal corporation or not.
This is the plain requirement of the statute. The report should represent the impartial judgment of the committee.
"Where the requisite number of resident land-owners do not subscribe the petition, the commissioners have no power to order the improvement. And where lands, lying within the assessing district, which in the judgmeut of the viewers and engineer will be specially benefited by the improvement, are purposely omitted from the report for the purpose of showing that an apparent majority of the resident land-owners are in favor of the improvement, when it is known that the actual majority are not, such omission is fatal to the validity of the report, and the court should not hesitate to set the same aside,-together with all proceedings founded thereon.
Such being the distinct character of the allegation in the petition, it alone constituted a sufficient ground for relief.
Judgment reversed, and cause remanded.